663 F.2d 880
 UNITED STATES of America, Plaintiff-Appellee,
v.
Ross Eugene FIELDS, aka Harold J. Smith, Sammie Marshall,
and Benjamin L. Lewis, Defendants-Appellees.
In the Matter of WELLS FARGO BANK, NATIONAL ASSOCIATION,
Non-Party Witness and Appellant.
 No. 81-5934.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Nov. 23, 1981.
Decided Nov. 25, 1981.
 
 Richard S. Odom, Brobeck, Phleger & Harrison, Los Angeles, Cal., for Wells Fargo Bank.
 Dean Allison, Asst. U. S. Atty., Los Angeles, Cal., for the U. S.
 George W. Buehler, Dalton & Buehler, Los Angeles, Cal., for Fields.
 ORDER
 Before WRIGHT, CHOY and ANDERSON, Circuit Judges.
 
 
 1
 Wells Fargo Bank, a nonparty witness in a criminal case, appeals the district court's orders denying its motion to quash a Fed.R.Cr.P. 17(c) subpoena duces tecum for pretrial production of documents and holding it in civil contempt for failing to comply with the subpoena. In light of the need for prompt decision of this appeal, occasioned by the ongoing criminal case to which this matter relates, we expedited the appeal and heard oral argument on November 23, 1981, by telephone conference call.
 
 
 2
 The district court's denial of the motion to quash the subpoena is reversed. The defendants in this criminal case, who had sought enforcement of the subpoena, failed to demonstrate compliance with the factors required for its issuance, including the requirement that the materials sought be evidentiary and relevant. See United States v. Nixon, 418 U.S. 683, 699-700, 94 S.Ct. 3090, 3103, 41 L.Ed.2d 1039 (1974). The only evidentiary use that defendants have been able to advance is that the statements and transcribed interviews of witnesses could be used for impeachment purposes. This use is generally insufficient to justify the pretrial production of documents, see id. at 701, 94 S.Ct. at 3104, and we see no basis for using a lesser evidentiary standard merely because production is sought from a third party rather than from the United States. See United States v. Cuthbertson, 651 F.2d 189, 195 (3d Cir. 1981).
 
 
 3
 Because the order requiring Wells Fargo to produce the documents before any witnesses had testified was an abuse of discretion, we are compelled to reverse and have no occasion to consider whether the other required factors were demonstrated to a sufficient extent to warrant in camera production to the district court for possible release after the evidentiary requirement had been met. See United States v. Cuthbertson, 630 F.2d 139, 144-45 (3d Cir. 1980), cert. denied, 449 U.S. 1126, 101 S.Ct. 945, 67 L.Ed.2d 113 (1981).
 
 
 4
 In light of our conclusion that issuance of the subpoena was unjustified under Fed.R.Cr.P. 17(c), we similarly need not address at this time the district court's rejection of Wells Fargo's claim that the documents sought were protected by the attorney-client privilege. But we note that Wells Fargo advanced a strong showing of similarity between the statements and transcribed interviews of present Wells Fargo employees and the situation in Upjohn Co. v. United States, 449 U.S. 383, 393, 101 S.Ct. 677, 684, 66 L.Ed.2d 584 (1981). It suggests that issuance of the subpoena was questionable even apart from its insufficiency under Rule 17(c).
 
 
 5
 The denial of the motion to quash the subpoena duces tecum is REVERSED. The contempt judgment is VACATED. The case is REMANDED for further proceedings.