980 F.2d 739
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Shane Arthur JAMES, Defendant-Appellant.
 No. 91-30238.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submission Deferred July 6, 1992.
 Submitted July 13, 1992.
Decided Dec. 9, 1992.
 
 Before ALARCON, RYMER and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellant Shane Arthur James appeals his rape conviction committed on the Quinault Indian Reservation in the State of Washington. In a separate published opinion, we hold the indictment was sufficient to withstand a Fed.R.Crim.P. 34 challenge after the verdict, and that the district court properly quashed a subpoena addressed to an agency of the Quinault Indian Nation. We here address the remaining issues:
 
 
 3
 (1) Subpoena to Washington Department of Health and Social Services. After service of the subpoena directing production of "any and all information concerning Katie Kawoosh, including, but not limited to, counseling and alcohol/drug dependency records, the State moved for an order partially vacating the order for production and for an in camera review of the record. James agreed to the in camera review, but challenges the district court's order holding that documents were suitable for impeachment purposes only in declining to release them pending the testimony of government witnesses at trial.
 
 
 4
 Impeachment alone is insufficient to justify the pretrial production of documents. United States v. Fields, 663 F.2d 880, 881 (9th Cir.1981). At the close of the government's case, the district court reviewed the documents and told James there was nothing exculpatory in them. The information was already available from other witnesses. James made no timely offer of proof but when asked by the court, counsel for James stated he did not know how he would use the documents. The district court did not err in refusing to make the documents available to James. United States v. Nixon, 418 U.S. 683, 701 (1974).
 
 
 5
 (2) Limitation of Helen Anderson's Testimony. The district court did not abuse its discretion in limiting Helen Anderson's testimony as to the "window period" of March through June of 1990. This offered sufficient opportunity for James to present his basic premise that the rape victim had alcohol problems and related memory blackouts. When asked for an offer of proof concerning the witness, Wilson, counsel for James, stated he had none for her or any of the other witnesses who would testify on that issue.
 
 
 6
 An offer of proof was filed for Ms. Helen Anderson, but not until the jury had started its deliberations, which was too late to be of assistance to the court in weighing admissibility of the proffered evidence. The trial court's limitation of evidence relating to the rape victim's drinking problems to the window period was within its discretion. There is no showing that the ruling tainted the jury's verdict or prejudiced the defendant. Kisor v. Johns-Manville Corp., 783 F.2d 1337, 1340 (9th Cir.1986).
 
 
 7
 (3) Limitation of the Cross-Examination of Robin Rhoades. Robin Rhoades was the Chief of Police who led the investigation of the rape charge against James. He was later investigated for two shootings unrelated to the rape.
 
 
 8
 The trial court's prohibition of cross-examination as to the investigation of Rhoades was within its permitted latitudes. The district court did not rule until the examination-in-chief was completed. Rhoades' testimony tracked his reports, and the district court saw no evidence of bias. Rhoades' alleged bias toward the government because of the pending investigation would have been easily detected had his testimony deviated from his reports which had been completed prior to the unrelated shootings and subsequent investigation. James had a full opportunity to cross-examine Rhoades about the report and his observations. The jury received "sufficient information to appraise the biases and motivations of the witness." United States v. Feldman, 788 F.2d 544, 554 (9th Cir.1986), cert. denied, 479 U.S. 1067 (1987).
 
 
 9
 (4) Prosecutorial Misconduct. The prosecutor's statement that "[t]here has not been a single person walk into this courtroom, sit in that chair, and tell you that they have ever seen Katie drink period" was not a comment on James' failure to testify. James was not the only person who could have testified that the victim drank in general, or was drinking on the night of the rape. If the comment could have been so interpreted, the judge's contemporaneous admonition to the jury was sufficiently curative. United States v. Endicott, 803 F.2d 506, 513 (9th Cir.1986). While the prosecutor's statement may have slightly misstated the state of the defense proof, it did not so infect the trial " 'with unfairness as to make the resulting conviction a denial of due process.' " Darden v. Wainwright, 477 U.S. 168, 181 (1986) (quoting Donnelly v. De Christoforo, 416 U.S. 637 (1974)).
 
 
 10
 (5) The Miranda Question. At the times James was questioned, suspicion was undoubtedly focused on him. However, more is required. Miranda warnings are required as a preface to custodial interrogation. The district court's finding on the issue of whether the defendant is the focus of a custodial interrogation is a factual question and is reviewed under the clearly erroneous standard. United States v. Eide, 875 F.2d 1429, 1433 (9th Cir.1989); United States v. Wanuneka, 770 F.2d 1434, 1438 (9th Cir.1985). The agents were clearly close to the custodial line. The district court, however, determined they did not step over it. After review, we cannot say it was wrong.
 
 
 11
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3